UNITED STATES, Appellee

v.

William C. TANNER, Seaman Recruit
U.S. Navy, Appellant

No. 05-0710

Crim. App. No. 200301120

United States Court of Appeals for the Armed Forces

Argued April 19, 2006

Decided August 18, 2006

EFFRON, J., delivered the opinion of the Court, in which
GIERKE, C.J., and CRAWFORD and ERDMANN, JJ., joined.  BAKER, J.,
filed a separate opinion concurring in the result.


Counsel


For Appellant:  Captain Richard A. Viczorek, USMC (argued).


For Appellee:  Lieutenant TyQuili R. Booker, JAGC, USNR
(argued); Major Kevin C. Harris, USMC, and Commander Charles N.
Purnell, JAGC, USN (on brief).



Military Judge:  R. B. Wities

THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.

Judge EFFRON delivered the opinion of the Court.

At a general court-martial composed of a military judge sitting alone, Appellant was convicted, pursuant to his pleas, of the following offenses against his biological daughter: rape of a child under the age of sixteen years, forcible sodomy of a child under the age of sixteen years (two specifications), and indecent acts with a child under the age of sixteen years, in violation of Articles 120, 125, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 920, 925, 934 (2000). The adjudged sentence included a dishonorable discharge and confinement for eighteen years. The convening authority approved the sentence. Pursuant to a pretrial agreement, the convening authority suspended all confinement in excess of ninety months for a period of ninety months from the date of sentencing. The United States Navy-Marine Corps Court of Criminal Appeals affirmed. United States v. Tanner, 61 M.J. 649 (N-M. Ct. Crim. App. 2005).

On Appellant's petition, we granted review of the following issue:

> WHETHER THE LOWER COURT ERRED BY HOLDING
> THAT IT WAS HARMLESS ERROR BEYOND A
> REASONABLE DOUBT FOR THE MILITARY JUDGE
> DURING SENTENCING TO ADMIT APPELLANT'S PRIOR
> COURT-MARTIAL CONVICTION THAT WAS
> SUBSEQUENTLY REVERSED.

We hold that admission of the prior conviction did not constitute prejudicial error, and we affirm.

## I.  BACKGROUND

### A.  APPELLANT'S TWO COURTS-MARTIAL

Appellant has been tried by two courts-martial for sexual abuse of family members.  Each court-martial involved a different victim.  At his first court-martial, which occurred a year before the court-martial now on appeal in this Court, Appellant pled guilty to the following offenses against his fifteen-year-old stepdaughter:  attempted carnal knowledge in violation of Article 80, UCMJ, 10 U.S.C. § 880 (2000), and sodomy and indecent acts in violation of Articles 125 and 134, UCMJ.  In addition, Appellant pled guilty to committing adultery with an unrelated adult, in violation of Article 134, UCMJ.

A year later, at his second court-martial, Appellant pled guilty to sexual abuse of his ten-year-old biological daughter. The offenses against his daughter, which included rape, took place over an eighteen month period, the same general time frame as the offenses against his stepdaughter.

### B.  SENTENCING AT THE SECOND COURT-MARTIAL

During the sentencing proceeding at the second court-martial, the prosecution offered into evidence a record of Appellant's conviction at the first court-martial, which was

then under appeal. See Rule for Courts-Martial (R.C.M.) 1001(b)(3). The defense did not object to the evidence, which consisted of the general court-martial order for Appellant's first court-martial. The general court-martial order contained considerable detail concerning the convictions obtained at the first court-martial, including that Appellant had attempted sexual intercourse with his stepdaughter, had exposed his naked body to her, had fondled her, had touched her breasts and her genitalia with his hands, and had inserted his finger into her vagina.

When the prosecution also sought to introduce portions of the record from the earlier court-martial, the defense objected on the grounds that the material was irrelevant, cumulative, and improper evidence in aggravation. The military judge sustained the defense objection, focusing primarily on the fact that the evidence was cumulative. He noted that "in looking at the Court-Martial Order . . . as an experienced military judge, I can clearly see what the charges/specifications were, how the accused pled and how he was found." He added that "[t]he specifications are rather explicit on their face and I think they don't need any further exposition by documents which may be set forth in" the record of trial.

Subsequently, during presentation of its case on sentencing, the defense introduced a substantial amount of

4

evidence, including information concerning Appellant's first court-martial. As summarized by the court below, the defense sought to obtain a lenient sentence to confinement by arguing that: (1) the offenses at issue in both courts-martial occurred concurrently; (2) Appellant made substantial progress in sexual offender rehabilitation and treatment programs during the confinement resulting from his first court-martial; and (3) Appellant had significant potential for rehabilitation. Tanner, 61 M.J. at 654. The defense evidence substantiated the misconduct at issue in his first court-martial, and included evidence from the victims in each trial. See id.

## C. APPELLATE PROCEEDINGS

Subsequent to the completion of Appellant's second court-martial, the Court of Criminal Appeals set aside the findings and sentence of Appellant's first court-martial based on the Government's failure to comply in a timely fashion with the terms of the pretrial agreement involving deferral and waiver of automatic forfeitures. See id. at 653. The court authorized a rehearing on the charges at issue in the first court-martial, but the convening authority decided to not retry Appellant. Id.

During appellate review of Appellant's second court-martial -- the case now before us -- the Court of Criminal Appeals considered the impact of its earlier decision to set aside Appellant's first conviction. Id. at 653-57. The court

determined that admission into evidence of Appellant's "prior court-martial conviction that was subsequently reversed was a constitutional error, but that the error was harmless beyond a reasonable doubt." Id. at 653.

## II. DISCUSSION

R.C.M. 1001 sets out the presentencing procedure for courts-martial, including the rules governing the presentation of sentencing evidence. The prosecution's evidence may include the accused's service data from the charge sheet, personal data and evidence as to the character of the accused's prior service, evidence of prior military or civilian convictions, evidence in aggravation, and evidence of rehabilitative potential. R.C.M. 1001(b)(1)-(5).

For the purpose of admitting a prior conviction into evidence, a court-martial "conviction" occurs "when a sentence has been adjudged." R.C.M. 1001(b)(3)(A). Under the rule, the prosecution may introduce evidence of a prior conviction during "[t]he pendency of an appeal therefrom." R.C.M. 1001(b)(3)(B). The validity of the sentence in the later court-martial may be affected, however, if the prior conviction introduced during sentencing is reversed on appeal. See United States v. Tucker, 404 U.S. 443, 447-48 (1972); United States v. Alderman, 22 C.M.A. 298, 302, 46 C.M.R. 298, 302 (1973). In such an

6

instance, we test for prejudice from admission of that prior conviction by determining whether the sentence in the later court-martial "might have been different" had the conviction not been introduced during sentencing. Tucker, 404 U.S. at 448; Alderman, 22 C.M.A. at 302, 46 C.M.R. at 302.

In the course of evaluating potential prejudice, we consider whether the same information otherwise would have been admissible at the sentence proceeding and at a sentence rehearing. See United States v. Wingart, 27 M.J. 128, 134 (C.M.A. 1988) ("Even though trial counsel did not offer the evidence on this basis, there would be little point in setting aside the sentence if the challenged evidence clearly would be admissible at a rehearing.").

The fact that information is inadmissible on sentencing as a record of conviction does not preclude its admission on other grounds under R.C.M. 1001(b) if relevant and reliable. See United States v. Ariail, 48 M.J. 285, 287 (C.A.A.F. 1998). As noted in Section I.B. supra, the record of Appellant's conviction at the first court-martial contained considerable detail concerning sexual abuse of his stepdaughter. In light of the reversal of Appellant's first conviction, the issue before us is whether the information contained in that record of conviction otherwise was admissible during sentencing.

7

R.C.M. 1001 constitutes the gate through which such matters must pass during sentencing. See Wingart, 27 M.J. at 135. R.C.M. 1001(b)(4), which authorizes the prosecution to "present evidence as to any aggravating circumstances directly relating to or resulting from the offenses of which the accused has been found guilty," provides one route through that gate.

We recognized in Wingart that "uncharged misconduct will often be admissible as evidence in aggravation under" R.C.M. 1001(b)(4). 27 M.J. at 135. In Wingart, we considered admissibility of uncharged misconduct during sentencing when the evidence had not been introduced during findings. Id. at 134. We noted that, under M.R.E. 404(b), evidence of uncharged misconduct expressly was inadmissible as a general matter to show propensity to commit the charged crime, but that it may be admissible for other purposes. Id. at 134-35. We cited the view of the drafters that R.C.M. 1001(b)(4) did not "authorize admission of evidence of uncharged misconduct merely because under some circumstances that evidence might be admissible [under another rule] in a contested case to prove an offense for which the accused is being tried." Id. at 135.

The analysis in Wingart focused on the general rule governing evidence of uncharged misconduct, M.R.E. 404(b), noting that such evidence is "inadmissible unless there is some purpose to be served by its reception other than to show that

the accused is predisposed to commit crime." Id. at 136. We observed that "it often is very difficult to determine in advance whether evidence of uncharged misconduct will qualify for admission in a particular case," and that R.C.M. 1001(b)(4) was not designed "to introduce into sentencing proceedings all the complex issues which are present in applying [Military Rule of Evidence (M.R.E.)] 404(b) in a contested case." Id. at 135. Accordingly, we concluded that M.R.E. 404(b) does not provide a basis for admission of evidence during sentencing that is not otherwise admissible under R.C.M. 1001(b)(4). Id. at 135-36; see, e.g., United States v. Nourse, 55 M.J. 229 (C.A.A.F. 2001) (evidence of uncharged misconduct demonstrating a continuing course of conduct is admissible in aggravation during sentencing under R.C.M 1001(b)(4) because it is directly related to the charged offense).

In the present case, the issue is not admissibility of prior misconduct evidence under the general provisions of M.R.E. 404(b) covering "[o]ther crimes, wrongs, or acts." Instead, the question is whether the evidence would have been admissible through the gateway provided by R.C.M. 1001. In making this assessment, we consider the more specific provisions of M.R.E. 414, rather than R.C.M. 404(b). M.R.E. 414, which addresses the admissibility of evidence of similar crimes in child molestation cases, was adopted subsequent to our decision in Wingart. See

Exec. Order No. 13,086, 3 C.F.R. 155 (1999).  M.R.E. 414, and

its companion rule, M.R.E. 413 (evidence of similar crimes in

sexual assault cases) are based on Fed. R. Evid. 414 and Fed. R.

Evid. 413, as enacted by Congress.  Manual for Courts-Martial,

United States, Analysis of the Military Rules of Evidence app.

22 at A22-36 to A22-37 (2005 ed.).

> Under M.R.E. 414(a):
>
>> In a court-martial in which the accused is
>> charged with an offense of child
>> molestation, evidence of the accused's
>> commission of one or more offenses of child
>> molestation is admissible and may be
>> considered for its bearing on any matter to
>> which it is relevant.

M.R.E. 414, like M.R.E. 413, establishes a presumption in favor

of admissibility of evidence of prior similar crimes in order to

show predisposition to commit the designated crimes.  See United

States v. Wright, 53 M.J. 476, 482-83 (C.A.A.F. 2000).  As such,

M.R.E. 414 stands in sharp contrast to M.R.E. 404(b), at issue

in Wingart, which bars uncharged misconduct as evidence of

predisposition.

The structure of M.R.E. 404(b) permits admission of

evidence of other crimes, wrongs, or acts only upon a showing by

the proponent of a specifically relevant purpose to be served

under the circumstances of the particular case.  United States

v. Humpherys, 57 M.J. 83, 90 (C.A.A.F. 2002).  In that context,

we declined to hold in Wingart that the potential, abstract

10

admissibility of uncharged misconduct under M.R.E. 404(b) could meet the requirement of R.C.M. 1001(b)(4) that evidence in aggravation involve "circumstances directly relating to or resulting from the offenses of which the accused has been found guilty." See 27 M.J. at 135-36.

M.R.E. 414, however, does not contain a prohibition against predisposition evidence. Instead, in a court-martial for child molestation, M.R.E. 414 provides a vehicle for the admissibility of other acts of child molestation committed by the accused. The rule reflects a presumption that other acts of child molestation constitute relevant evidence of predisposition to commit the charged offense. As such, in a child molestation case, evidence of a prior act of child molestation "directly relat[es] to" the offense of which the accused has been found guilty and is therefore relevant during sentencing under R.C.M. 1001(b)(4). See M.R.E. 401 (providing that evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable . . . than it would be without the evidence"); 1 Stephen A. Saltzburg et al., Military Rules of Evidence Manual § 401.02 (5th ed. 2003) (discussing the low threshold for determining relevance under the M.R.E.).

Evidence under M.R.E. 413 and M.R.E. 414 is subject to a balancing test pursuant to M.R.E. 403, under which relevant

evidence may be excluded if its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the members." See United States v. Berry, 61 M.J. 91, 95 (C.A.A.F. 2005) (applying the balancing test to evidence considered under M.R.E. 413). In the present case, the M.R.E. 414 predisposition evidence would have been admissible under R.C.M. 1001(b)(4), subject to balancing. Because the evidence was admitted without objection as a prior conviction under R.C.M. 1001(b)(3)(A), the military judge did not conduct a balancing test in the context of M.R.E. 414. Accordingly, we review the evidence in this light without giving any deference to the decision of the military judge. United States v. Manns, 54 M.J. 164, 166 (C.A.A.F. 2000).

In the context of the evidence at issue, we conclude that the absence of balancing under M.R.E. 403 and M.R.E. 414 does not constitute prejudicial error. The information as to Appellant's prior misconduct offered at this trial depict Appellant's sexual molestation of a member of his family -- his fifteen-year-old stepdaughter -- during the same period of time as he committed the offenses of which he now stands convicted, which involved sexual abuse of another member of his family -- his ten-year-old biological daughter. Under the circumstances of this case, including Appellant's concurrent sexual abuse of two different minor members of his family, the absence of

12

balancing under M.R.E. 403 and M.R.E. 414 during sentencing was harmless beyond a reasonable doubt.


## III.  DECISION

The decision of the United States Navy-Marine Corps Court of Criminal Appeals is affirmed.

BAKER, Judge (concurring in the result):

The majority concludes that prior acts of child molestation under Military Rule of Evidence (M.R.E.) 414 are always relevant during sentencing under Rule for Courts-Martial (R.C.M.) 1001(b)(4) as evidence directly relating to the offense of which the accused has been found guilty.  However, the majority skips an important analytic step.  Although such evidence is presumptively admissible under M.R.E. 414, it must still be relevant to be admitted and considered.[1]  M.R.E. 414 states:  "In a court-martial in which the accused is charged with an offense of child molestation, evidence of the accused's commission of one or more offenses of child molestation is admissible and may be considered for its bearing on any matter <u>to which it is relevant</u>." (emphasis added).  This requires a case-by-case determination that the evidence is relevant, as opposed to the blanket presumption adopted by the Court today.

Recently, in another case involving interpretation of M.R.E. 414, this Court reiterated the United States Supreme Court's long-standing, fundamental rule of statutory interpretation "'that courts must presume that a legislature says in a statute what it means and means in a statute what it says there.'"  <u>United States v. James</u>, 63 M.J. 217, 221

---

[1] As the text of M.R.E. 414 is clear, we need not refer to the legislative history to address the question presented.

(C.A.A.F. 2006) (quoting Connecticut Nat'l Bank v. Germain, 503 U.S. 249, 253-54 (1992)). The same rule applies here, albeit this time in a different context. M.R.E. 414 does not state that such evidence must be admitted. Rather, the rule states that such evidence "is admissible and may be considered for its bearing on any matter to which it is relevant." M.R.E. 414 (emphasis added). As the legislative history suggests, the statement that such evidence is admissible is best understood in relation to the normal treatment of such evidence under M.R.E. 404(b) (and its civilian counterpart, Fed. R. Evid. 404(b)), in which it was normally excluded. As this Court noted in James, "[p]rior to 1996, the admissibility of evidence of uncharged misconduct in the military justice system was severely restricted by M.R.E. 404(b) and the judicial application of the rule." 63 M.J. at 219. The Drafters' Analysis of M.R.E. 414 states that the rule was "intended to provide for more liberal admissibility of character evidence in criminal cases of child molestation where the accused has committed a prior act of sexual assault or child molestation." Manual for Courts-Martial, United States, Analysis of the Military Rules of Evidence app. 22 at A22-37 (2005 ed.).

The requirement to determine that M.R.E. 414 evidence is both logically and legally relevant is borne out by this Court's opinion in James. There, this Court held that uncharged

misconduct under M.R.E. 414 was admissible regardless of whether it occurred before or after the charged offense so long as it was "otherwise relevant and admissible under M.R.E. 401, M.R.E. 402, and M.R.E. 403."  63 M.J. at 218.  Likewise, in United States v. Wright, this Court established the "three threshold findings" that are required before evidence can be admitted pursuant to M.R.E. 413 (or M.R.E. 414[2]), including a determination that "[t]he evidence is relevant under Rules 401 and 402."  53 M.J. 476, 482 (C.A.A.F. 2000).  Balancing under M.R.E. 403 is also required, although not until the three threshold findings have been satisfied.  Id.

In the sentencing context, R.C.M. 1001(b)(4) provides the framework for determining whether M.R.E. 414 evidence is relevant.  Under R.C.M. 1001(b)(4), "directly relating to" evidence must pertain to "any aggravating circumstances" including, but not limited to, "evidence of financial, social, psychological, and medical impact on or cost to any person or entity who was the victim of an offense committed by the accused . . . ."  Informed by M.R.E. 414's presumption of admissibility, the phrase "directly relating to" is appropriately interpreted broadly.

---

[2] See James, 63 M.J. at 220 ("In light of the common history and similar purpose of M.R.E. 413 and M.R.E. 414, there is no need to distinguish the two rules for the purpose of our discussion of the granted issue.").

In sum, although presumptively admissible under R.C.M. 1001(b)(4), evidence of uncharged sexual misconduct must be relevant.  See M.R.E. 414; see also M.R.E. 413.  We consider relevance in the sentencing context in light of this presumption of admissibility.

In this case, the uncharged misconduct with Appellant's stepdaughter was, without question, "directly related to" his charged offense and therefore relevant because it involved the same family, the same time frame, and the same types of acts. See United States v. Mullens, 29 M.J. 398, 400 (C.M.A. 1990) (allowing evidence of uncharged sexual misconduct on more than one of the appellant's children under R.C.M. 1001(b)(4) where those same children were also the object of similar charged offenses).  Cf. United States v. Wingart, 27 M.J. 128, 136 (C.M.A. 1988) (holding that photographs of a separate child victim in the appellant's trial for indecent acts with a child were not properly admissible under R.C.M. 1001(b)(4)). Therefore, I concur in the result.