# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

Before
**R.Q. WARD, J.R. MCFARLANE, K.M. MCDONALD**
Appellate Military Judges

**UNITED STATES OF AMERICA**

v.

**HUGO I. VALENTIN
GUNNERY SERGEANT (E-7), U.S. MARINE CORPS**

**NMCCA 201000683
GENERAL COURT-MARTIAL**

**Sentence Adjudged:** 15 April 2010.
**Military Judge:** LtCol Michael Mori, USMC.
**Convening Authority:** Commanding General, 3d Marine
Logistics Group, Marine Corps Base Hawaii, Kaneohe Bay, HI.
**Staff Judge Advocate's Recommendation:** LtCol J.J. Murphy,
USMC.
**For Appellant:** William E. Cassara, Civilian Appellate
Counsel; Capt Jason Wareham, USMC.
**For Appellee:** Maj Paul Ervasti, USMC.

**14 January 2014**

---------------------------------------------------------
## OPINION OF THE COURT
---------------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS
PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A general court-martial composed of officer and enlisted
members convicted the appellant of two specifications of rape of
a child, one specification of abusive sexual contact with a
child, and two specifications of indecent acts with a child,
violations of Articles 120 and 134, Uniform Code of Military
Justice, 10 U.S.C. §§ 920 and 934. The members sentenced him to
confinement for 15 years, forfeiture of all pay and allowances,

reduction to pay grade E-1, and a dishonorable discharge.  The convening authority approved a slightly lesser amount of confinement--14 years, 10 and one half months—and approved the remaining sentence as adjudged.

On 17 May 2012, we set aside the guilty findings for the rape of a child specifications,[1] and affirmed the lesser included offenses of aggravated sexual assault of a child.  We noted that the Article 134 offenses failed to plead the terminal element; however, we concluded that this deficiency did not prejudice the appellant.  Consequently, we affirmed the remaining findings of guilty and reassessed the sentence to confinement for 13 years, reduction to pay grade E-1, total forfeiture of pay and allowances, and a dishonorable discharge.  *United States v. Valentin*, No. 201000683, 2012 CCA LEXIS 180, unpublished op. (N.M.Ct.Crim.App. 17 May 2012).  On 14 September 2012, the Court of Appeals for the Armed Forces (C.A.A.F.) reversed our decision as to the Article 134 offenses and the sentence, affirmed our decision in all other respects, and remanded the record of trial to us for further consideration in light of *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012).  *United States v. Valentin*, 71 M.J. 400 (C.A.A.F. 2012).

Upon further consideration, we concluded that the Government's failure to plead the terminal element of the Article 134 offenses did not result in material prejudice to a substantial right.  We again affirmed the guilty findings to the Article 134 offenses[2] and the reassessed sentence.  *United States v. Valentin*, No. 201000683, 2013 CCA LEXIS 47, unpublished op. (N.M.Ct.Crim.App. 31 Jan 2013) (*per curiam*).  On 22 July 2013, C.A.A.F. reversed our decision as to the Article 134 offenses and the sentence, set aside the findings as to Charge II and its specifications, affirmed the remaining findings, and remanded the record of trial to us to either 1) dismiss the Article 134 offenses and reassess the sentence based on the remaining guilty findings, or 2) order a rehearing on the affected charge and the sentence.  *United States v. Valentin*, 72 M.J. 450 (C.A.A.F. 2013).

After reviewing the record in its entirety, we dismiss Charge II and its specifications, reassess and affirm a sentence of 13 years confinement, reduction to pay grade E-1, forfeiture of all pay and allowances, and a dishonorable discharge.

---

[1] Specifications 1 and 2, Charge I.

[2] Specifications 1 and 2, Charge II.

## Discussion

A detailed summary of the facts of this case is contained in our original opinion of 17 May 2012. As we explained then, the charges stemmed from a period of time where the appellant sexually molested his 14-year-old stepdaughter, MR, whose biological mother and the appellant's wife, Gunnery Sergeant (GySgt) IE, was deployed to Iraq. It was during GySgt IE's deployment that the appellant began a systemic pattern of sexual abuse beginning shortly before MR's 14th birthday and continuing for months until shortly after GySgt IE's return home from deployment. Not long after she returned home, GySgt IE entered MR's bedroom one evening to find the appellant, who immediately jumped out of her daughter's bed. When GySgt IE pulled the covers back, she found her daughter naked from the waist down. The appellant immediately denied any wrongdoing and insisted that while GySgt IE had been deployed MR had been walking around the house naked and going into his room at night naked. GySgt IE then called the police to report the appellant for sexually molesting her daughter.

The Government's charging scheme reflects the period of 16 April 2007, when the appellant first sexually assaulted MR, until 5 January 2008, when GySgt IE discovered him in MR's bed. Due to the substantial revisions Congress made to Article 120, UCMJ, effective on 1 October 2007, the appellant's various acts of sexual molestation were charged under two different UCMJ articles. Acts that occurred before 1 October 2007 were charged under Article 134, while similar acts that occurred on or after 1 October 2007 were charged under Article 120.

In our earlier opinion of 17 May 2012, we set aside the guilty findings for the two rape specifications under Article 120 as the military judge improperly instructed the members on a theory of constructive force. However, we affirmed the lesser offenses of aggravated sexual assault of a child under Article 120(d). We also affirmed the sole specification under Article 120(i) alleging abusive sexual contact with a child and both specifications under Article 134 alleging indecent acts with a child. We noted that "[a]lthough the label of one of the crimes of which the appellant stands convicted changed from rape by force to aggravated sexual assault, the offense remains serious and egregious." 2012 CCA LEXIS 180 at *50. Ultimately, we concluded that although the sentencing landscape had changed in a *de minimus* manner, our ability to reassess the sentence had not.

3

The appellant now stands convicted of two specifications of aggravated sexual assault of a child and one specification of abusive sexual contact of a child. Our superior court's action in setting aside of the guilty findings to the two Article 134 offenses reduced the maximum confinement penalty from 69[3] to 55 years with the remainder of the maximum sentence unaffected. Even though the pre-October 2007 sexual abuse could now be considered uncharged misconduct,[4] the entire pattern of abuse that began in April 2007 and continuing through the remaining charged offenses in January 2008 would be squarely before the members as a proper matter in aggravation. *See United States v. Tanner*, 63 M.J. 445, 448-49 (C.A.A.F. 2006) (holding that other acts of child molestation were presumptively admissible as evidence of predisposition and therefore proper matter in aggravation); *see also United States v. Mullens*, 29 M.J. 398, 400 (C.M.A. 1990) (holding that uncharged indecent acts with the same child victim were proper aggravation as they "evidenced a continuous course of conduct involving the same or similar crimes, the same victims, and a similar situs within the military community, *i.e.*, the servicemember's home."). Last, the devastating impact of the appellant's offenses upon both MR and her mother would remain unaffected before the sentencing authority.

As a separate note, the Government correctly points out in its brief that the military judge at trial "merged" the two Article 134 offenses with two of the Article 120 offenses and instructed the panel to treat them as one offense for purposes of selecting a fair and appropriate punishment.[5]

---

[3] As the Government correctly notes in its brief, we miscalculated the maximum punishment in our 17 May 2012 opinion. Following our corrective action, we calculated the maximum confinement penalty as 61 years when in fact it was 69 years.

[4] Subject to balancing under MILITARY RULE OF EVIDENCE 403, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2008 ed.), the pre-October 2007 sexual abuse would be presumptively admissible under MIL. R. EVID. 414 on the merits as evidence of predisposition, or as evidence in aggravation in sentencing. Additionally, these pre-October 2007 offenses involving touching of MR's breasts and digital penetration arguably demonstrated preparatory steps to the more serious remaining offenses of aggravated sexual assault. Such evidence could also be admitted on the merits under MIL. R. EVID. 404(b) and therefore would be a proper matter for consideration on sentence. *See* RULE FOR COURTS-MARTIAL 1001(f), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2008 ed.) (sentencing authority may consider any evidence properly introduced on the merits to include uncharged misconduct introduced for limited purpose).

[5] Record at 1823-24. In addressing Specification 2 of Charge I and Specification 1 of Charge II, the military judge explained that "[t]he reason there were two specifications addressing this conduct is that the law changed. But for the change in the law, there would've only – there would

4

For these reasons, we can confidently conclude that the members would have adjudged, and the convening authority approved, a sentence at least as severe as 13 years confinement, reduction to pay grade E-1, forfeiture of all pay and allowances, and a dishonorable discharge. Art. 66(c), UCMJ; *United States v. Winckelmann*, 73 M.J. 11 (C.A.A.F. 2013); *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986).

## Conclusion

Charge II and its specifications are dismissed. The sentence to confinement for 13 years, reduction to pay grade E-1, total forfeitures and a dishonorable discharge is reassessed and affirmed.

For the Court

R.H. TROIDL
Clerk of Court

---

have only been one specification to address this conduct of the accused. Therefore, in determining the appropriate sentence in this case you must consider them as one offense." *Id*. at 1823. The military judge then repeated this instruction with respect to Specification 3 of Charge I and Specification 2 of Charge I. *Id*. at 1823-24.