# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**F.D. MITCHELL, J.A. FISCHER, K.M. MCDONALD**
Appellate Military Judges

### UNITED STATES OF AMERICA

v.

### BRANDON T. YARBROUGH
### HOSPITALMAN RECRUIT (E-2), U.S. NAVY

### NMCCA 201300436
### GENERAL COURT-MARTIAL

**Sentence Adjudged:** 9 August 2013.
**Military Judge:** CAPT Robert Blazewick, JAGC, USN.
**Convening Authority:** Commander, Navy Region Southeast, Jacksonville, FL.
**Staff Judge Advocate's Recommendation**: CDR N. O. Evans, JAGC, USN.
**For Appellant:** Capt David Peters, USMC; LT Jared A. Hernandez, JAGC, USN.
**For Appellee:** CDR Christopher J. Geis, JAGC, USN; Maj Paul M. Ervasti, USMC; LT James Belforti, JAGC, USN.

**22 January 2015**

---------------------------------------------------
**OPINION OF THE COURT**
---------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

At a general court-martial, a military judge convicted the appellant, consistent with his pleas, of one specification of larceny and one specification of breaking restriction in violation of Articles 121 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 921, and 934. An officer and enlisted

members panel convicted the appellant, contrary to his pleas, of one specification of abusive sexual contact and two specifications of committing an indecent act in violation of Article 120, UCMJ, 10 U.S.C. § 920.[1]  The members sentenced the appellant to four years confinement, total forfeiture of pay and allowances, and a dishonorable discharge.  The convening authority approved the sentence as adjudged, and, except for the punitive discharge, ordered the sentence executed.

The appellant raises the following four assignments of error (AOE): (1) his conviction for abusive sexual contact is factually and legally insufficient, (2) trial counsel violated RULE FOR COURTS-MARTIAL 1001, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.) by arguing improper uncharged misconduct in sentencing,[2] (3) Article 120(k), UCMJ, is unconstitutionally vague on its face, and (4) the Government violated the Sixth Amendment when it denied appellate defense counsel the ability to represent him at a general court-martial linked to this case.  Additionally, we specified an issue regarding unreasonable multiplication of charges.[3]  We address the appellant's first and third AOEs and the specified issue and find the remaining AOEs to be without merit.  *United States v. Clifton*, 35 M.J. 79, 81-82 (C.M.A. 1992).

---

[1] The members acquitted the appellant of four specifications of aggravated sexual assault, one specification of abusive sexual contact, and one specification of committing an indecent act.

[2] In AOE II, the appellant claims that the trial counsel violated R.C.M. 1001(b)(4) when he mentioned MILITARY RULE OF EVIDENCE 413, MANUAL FOR COURTS-MARTIAL (2012 ed.) evidence that had been presented on the merits in his sentencing argument.  He does not argue this evidence was improperly admitted on the merits.  We find this AOE to be without merit.  *See* R.C.M. 1001(f)(2) (stating members may consider "Any evidence properly introduced on the merits before findings, including: (A) Evidence of other offenses or acts of misconduct even if introduced for a limited purpose"); *see also United States v. Tanner*, 63 M.J. 445, 448-49 (C.A.A.F. 2006) (noting that MIL. R. EVID. 414 and MIL. R. EVID. 413 establish "a presumption in favor of admissibility" and finding that evidence of uncharged sexual misconduct involving a minor originally admitted in sentencing as a prior conviction under R.C.M. 1001(b)(3) would have still been admissible under R.C.M. 1001(b)(4) and MIL. R. EVID. 414 when the conviction was subsequently reversed).

[3] We specified the following issue:  DO THE CHARGES FOR INDECENT ACTS (SPECIFICATION 8 UNDER THE CHARGE) AND ABUSIVE SEXUAL CONTACT (SPECIFICATION 6 UNDER THE CHARGE) CONSTITUTE AN UNREASONABLE MULTIPLICATION OF CHARGES WHEN THE THIRD PARTY IN THE INDECENT ACTS SPECIFICATION WAS INVOLVED IN THE CONDUCT GIVING RISE TO THE ABUSIVE SEXUAL CONTACT?

After carefully considering the record of trial, the parties' pleadings, including their responses to the specified issue, and the appellant's assignments of error, we conclude that the appellant's conviction for Specification 8 of the Charge is an unreasonable multiplication of charges with Specification 6 of the Charge. After the corrective action set forth in our decretal paragraph, we conclude the remaining findings and the reassessed sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant remains. Arts. 59(a) and 66(c), UCMJ.

## Background

On 31 March 2012, the appellant and Hospitalman (HN) TK engaged in a group sexual encounter with two other male service members. The appellant and HN TK then engaged in sexual intercourse while the two other service members watched.[4]

On the evening of 2 June 2012, two female service members, Airman First Class (A1C) MR, USAF, and Airman (AMN) DA, USAF, went to a hotel room after an evening of partying and drinking. The appellant, who was dating AMN DA at that time, was in the room when they arrived. A1C MR testified that when she got to the room she felt intoxicated and tired and despite her and AMN DA's plan to go to another club, she lay down in an empty bed to rest. A1C MR was fully clothed at this point and fell asleep shortly thereafter. A1C MR testified that she awoke to AMN DA pulling off her shirt and bra and the appellant pulling her pants and underwear down her legs. A1C MR stated that the appellant and AMN DA, who were both naked, then lay down on either side of her in the bed. A1C MR testified that the appellant then touched her breasts, pubic area, buttocks, and genitalia. A1C MR indicated that she told the appellant no and attempted to cover herself, but that she was still affected by the alcohol and "couldn't think straight". A1C MR further testified that she could not get away because she was blocked by AMN DA. A1C MR testified that the appellant stopped touching her when she hit him in the groin while trying to push him away.

---

[4] HN TK testified that she did not want to have sex with the appellant at that time and was "disgusted" to have sex in front of the other two service members. Record at 706, 708. The appellant was acquitted of rape and sexual assault specifications concerning this incident.

## Unreasonable Multiplication of Charges

Based on the incident involving A1C MR, the appellant was found guilty of the following specifications:

> In that [the appellant], on active duty, did at or near San Antonio, Texas, on or about 2 June 2012, engage in sexual contact, to wit: intentionally touching the breasts, groin, buttocks, and genitalia of [A1C MR], by causing bodily harm upon [A1C MR], to wit: forcefully removing her pants and underwear without her permission.

> In that [the appellant], on active duty, did at or near San Antonio, Texas, on or about 2 June 2012, wrongfully commit indecent conduct, to wit: intentionally touching the breasts, groin, buttocks, and vagina of [A1C MR] in the presence of another person.

We find that the appellant's conviction for both specifications constitutes an unreasonable multiplication of charges.

The prohibition against unreasonable multiplication of charges allows this court to address prosecutorial overreaching by imposing a standard of reasonableness. *United States v. Paxton*, 64 M.J. 484, 490 (C.A.A.F. 2007); *United States v. Roderick*, 62 M.J. 425, 433 (C.A.A.F. 2006). In addressing whether the Government has unreasonably multiplied charges, we apply a five-part test: (1) did the accused object at trial; (2) is each charge and specification aimed at distinctly separate criminal acts; (3) does the number of charges and specifications misrepresent or exaggerate the appellant's criminality; (4) does the number of charges and specifications unreasonably increase the appellant's punitive exposure; and (5) is there any evidence of prosecutorial overreaching or abuse in the drafting of the charges? *United States v. Quiroz*, 55 M.J. 334, 338 (C.A.A.F. 2001). When conducting a *Quiroz* analysis, we are mindful that "[w]hat is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person." R.C.M. 307(c)(4).

At trial, the appellant did not object to the charges as being unreasonably multiplied. This factor weighs in favor of the Government. We find the second and third criteria favor the

appellant.  The abusive sexual contact and indecent act specifications deal with the same sexual acts, at the same place, and at the same time and date.  Here, what was one transaction became the basis of two separate charges.  The appellant also satisfies the fourth criterion: he faced five additional years of confinement once convicted of the indecent act offense.  MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.), App. 28, at A28-11.

Finally, we find the last factor also favors the appellant. While the elements of the two subject specifications differ, suggesting no prosecutorial overreaching or abuse, this one transaction was parsed into two offenses resulting in multiple convictions based solely on the fact that AMN DA assisted the appellant in committing the abusive sexual contact.[5]  The Government maintains that AMN DA's involvement triggered a separate societal interest against "sex that is open and notorious" under Article 120(k).[6]  Under the facts before us we disagree and find the appellant's multiple convictions for his single act to be improper.

Accordingly, Specification 8 of the Charge is dismissed as an unreasonable multiplication of charges with Specification 6 of the Charge.  *See United States v. Elespuru*, 73 M.J. 326, 329 (C.A.A.F. 2014) (dismissing wrongful sexual contact charge because unreasonable multiplication of charges with abusive sexual contact charge encompassing the same touching where both were charged for exigencies of proof); *United States v. Hohenstein*, __ M.J. __, No. 14-0003/AF, 2014 CAAF LEXIS 910, (C.A.A.F. Sep. 5, 2014) (summary disposition) (dismissing wrongful sexual contact charge as unreasonable multiplication of charges with rape charge).

## Legal and Factual Sufficiency of Abusive Sexual Contact Charge

In his first AOE, the appellant argues his conviction for abusive sexual contact of A1C MR is legally and factually insufficient because the government did not produce evidence of the appellant's specific intent.  We disagree.

We review questions of legal and factual sufficiency *de novo.  United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F.

---

[5] AMN DA received nonjudicial punishment for assault consummated by a battery for unlawfully removing A1C MR's shoes, shirt, and bra from her body. Appellant's Brief of 24 Apr 2014 at 41.

[6] Appellee's Answer of 5 Dec 2014 at 8.

2002).  We review the legal sufficiency of the evidence by determining "whether, considering the evidence in the light most favorable to the prosecution, any reasonable fact-finder could have found all the essential elements beyond a reasonable doubt." *United States v. Day*, 66 M.J. 172, 173-74 (C.A.A.F. 2008) (citing *United States v. Turner*, 25 M.J. 324, 324 (C.M.A. 1987)).  "The test for factual sufficiency is whether, after weighing all the evidence in the record of trial and recognizing that we did not see or hear the witnesses as did the trial court, this court is convinced of the appellant's guilt beyond a reasonable doubt." *United States v. Rankin*, 63 M.J. 552, 557 (N.M.Ct.Crim.App. 2006) (citing *Turner*, 25 M.J. at 325 and Art. 66(c), UCMJ), *aff'd*, 64 M.J. 348 (C.A.A.F. 2007).  Beyond a reasonable doubt, however, does not mean that the evidence must be free from conflict. *Id.*  The Government may prove an appellant's intent with circumstantial evidence. *United States v. Kearns*, 73 M.J. 177, 182 (C.A.A.F. 2014); *United States v. Vela*, 71 M.J. 283, 286 (C.A.A.F. 2012).

Here, there was legally and factually sufficient evidence of the appellant's guilt.  Although the appellant asserts his actions toward A1C MR were intended as a "joke," A1C MR's testimony clearly indicates otherwise.  A1C MR testified that the appellant undressed her while she awoke in an alcohol induced fog and then inappropriately touched her intimate areas while she lay between the appellant and AMN DA.  Moreover, the Government introduced admissions from the appellant indicating that he was interested in group sexual encounters.  Given these facts, we find more than sufficient evidence to conclude that the appellant intended to gratify his sexual desire when he touched A1C MR.

After carefully reviewing the record of trial and considering the evidence in the light most favorable to the prosecution, we are convinced that a reasonable fact-finder could have found all the essential elements beyond a reasonable doubt.  Furthermore, after weighing all the evidence in the record of trial and having made allowances for not having personally observed the witnesses, we are convinced beyond a reasonable doubt of the appellant's guilt.

**Constitutional Challenge to Article 120(k)**

In AOE III, the appellant, for the first time on appeal, makes a void-for-vagueness constitutional attack on Article

6

120(k), UCMJ.[7]  We find this claim to be without merit under the same analysis outlined in *United States v. Miles*, No. 201300272, 2014 CCA LEXIS 601 at *34-35, unpublished op. (N.M.Ct.Crim.App. 21 Aug 2014) (finding the appellant's conduct was committed in an "open and notorious" manner based on the presence of a third party who observed the appellant's sexual activity).

## Sentence Reassessment

Having dismissed Specification 8 of the Charge, we must determine whether we are able to reassess the sentence. Applying the analysis set forth in *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), and *United States v. Buber*, 62 M.J. 476 (C.A.A.F. 2006), and carefully considering the entire record, we conclude that there has not been a "dramatic change in the 'penalty landscape.'"  *United States v. Riley*, 58 M.J. 305, 312 (C.A.A.F. 2003).  Our dismissal of one indecent act conviction alters the sentencing landscape from a maximum of 17 years and 7 months of confinement to 12 years and 7 months of confinement.  Because this change is not dramatic, we are confident in our ability to reassess the sentence.

## Conclusion

The finding of guilty to Specification 8 of the Charge is set aside and that specification is dismissed with prejudice. The remaining guilty findings are affirmed.  We affirm only so much of the approved sentence as provides for confinement for three years, forfeiture of all pay and allowances, and a dishonorable discharge.  We conclude that such a sentence is no greater than that which would have been awarded by the members for the charges and specifications that we affirm and is appropriate under the circumstances of this case.

For the Court

R.H. TROIDL
Clerk of Court

---

[7] Although the appellant addresses this AOE to both indecent act convictions (Specifications 7 and 8 under the Charge), we set aside Specification 8 of the Charge on other grounds and therefore solely consider Specification 7 of the Charge in this AOE.