# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
HERRING, PENLAND, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant THOMAS M. ADAMS**
**United States Army, Appellant**

ARMY 20130693

Headquarters, Fort Riley
Jeffery R. Nance, Military Judge
Lieutenant Colonel John A. Hamner, Staff Judge Advocate

For Appellant:  Mr. Frank J. Spinner, Esquire (argued); Lieutenant Colonel Jonathan Potter, JA; Mr. Frank J. Spinner, Esquire (on brief and reply brief).

For Appellee:  Captain Christopher A. Clausen, JA (argued); Colonel Mark H. Sydenham, JA; Major Daniel D. Derner, JA; Captain Christopher A. Clausen, JA (on brief).

6 January 2017

---------------------------------
SUMMARY DISPOSITION
---------------------------------

HERRING, Judge:

In appellant's court-martial for his sexual abuse of five minor victims over the course of seven years, the military judge's instruction to the panel allowed the consideration of charged misconduct under Military Rule of Evidence [hereinafter Mil. R. Evid.] 414 in a manner that now violates *United States v. Hills*, 75 M.J. 350 (C.A.A.F. 2016).[1]

A general court-martial composed of officer and enlisted members sitting as a general court-martial convicted appellant, contrary to his pleas, of:  carnal knowledge, two specifications of sodomy with a child, and seven specifications of

---

[1] While *Hills* dealt with Mil. R. Evid. 413 and this case involves Mil. R. Evid. 414, the analysis is the same.  *See United States v. Tanner*, 63 M.J. 445, 448-49 (C.A.A.F. 2006); *United States v. Bonilla*, ARMY 20131084, 2016 CCA LEXIS 590, at *22-23 (Army Ct. Crim. App. 30 Sep. 2016).

indecent liberties with a child, in violation of Articles 120, 125, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 925, 934 (2000) [hereinafter UCMJ]; and two specifications of aggravated sexual assault of a child, aggravated sexual abuse of a child, indecent liberties with a child, rape of a child, indecent conduct with a child, two specifications of aggravated sexual contact with a child, producing child pornography, possessing child pornography, and possessing child erotica, in violation of Articles 120, 125, and 134, UCMJ, 10 U.S.C. §§ 920, 925, 934 (2006).[2] The panel sentenced appellant to a dishonorable discharge, confinement for life with eligibility for parole, forfeiture of all pay and allowance, and reduction to the grade of E-1. The convening authority approved the findings of guilty except for Specification 3 of Charge V (possessing child erotica) and approved the sentence as adjudged.

We review this case under Article 66, UCMJ. Appellant assigns five errors and personally asserted matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). We do not discuss these assignments of error because of the relief we grant.

## BACKGROUND

The military judge started instructing the panel using the standard spillover instruction. Dep't of Army, Pam. 27-9, Legal Services: Military Judges' Benchbook [hereinafter Benchbook], para. 7-17 (10 Sept. 2014). He then gave an instruction about the panel's ability to use uncharged child molestation offenses, if proven by a preponderance of the evidence, "to show the accused's propensity or predisposition to engage in child molestation . . . ." Next, he addressed charged child molestation:

> Proof of one charged offense carries with it no inference that the accused is guilty of any other charged offense. Further, evidence that the accused committed the act of child molestation alleged in any specification and charge may have no bearing on your deliberations in relation to any other specification and charge unless you first determine by a preponderance of the evidence that it is more likely than not that the offenses alleged in that other charge and specification occurred. If you determine by a preponderance of the evidence the offenses alleged in that other charge and specification occurred, even if you are not convinced beyond a reasonable doubt that the accused is guilty of those offenses, you may nonetheless then

---

[2] The panel acquitted appellant of one specification of indecent liberties with a child and one specification of indecent conduct with a child.

2

ADAMS–ARMY 20130693

> consider the evidence of those offenses for its bearing on
> any matter to which it is relevant in relation to any other
> specification and charge to which it is relevant. You may
> also consider the evidence of such other acts of child
> molestation for its tendency, if any, to show the accused's
> propensity or predisposition to engage in child
> molestation.
>
> You may not, however, convict the accused solely because
> you believe he committed any other offense or solely
> because you believe the accused has a propensity or
> predisposition to engage in child molestation. In other
> words, you cannot use this evidence to overcome a failure
> of proof in the government's case, if you perceive any to
> exist. The accused may be convicted of an alleged offense
> only if the prosecution has proven each element beyond a
> reasonable doubt.

Defense counsel had previously objected to these instructions, "particularly ones where you are using what's on the charge sheet to prove what's on the charge sheet."

The military judge supplemented the confusing instructions with this explanation to the panel, which was not included in the written instructions in App. Ex. CLXXIII:

> Now, members, I realize some of that might seem
> repetitive, but it relates to—I gave it to you in two
> different forms because one form relates to uncharged
> misconduct of child molestation and there was some
> reference to things that do not appear on the charge sheet
> during the course of the trial. And so that's why I gave
> you that instruction. And then the second time through, it
> relates to other charged offenses and how you may
> consider those other charged offenses in relation to each
> other, any offense of child molestation in relation to any
> other offense of child molestation.

The military judge asked if the panel had any questions, and they did not. He then reiterated using the same words our superior court noted as a problem in *Hills*, 75 M.J. at 357. He said:

> Each offense must stand on its own and proof of one
> offense carries no inference that the accused is guilty of

3

> any other offense.  In other words, proof of one act of
> child molestation creates no inference that the accused is
> guilty of any other act of child molestation.  However, it
> may demonstrate that the accused has a propensity to
> commit that type offense.

The military judge's attempt to clarify his instructions, while well-intentioned, only served to reinforce an impermissible use of propensity evidence under *Hills*.

Furthermore, during closing argument, trial counsel said, "Another important thing to highlight:  When the judge talked about other acts of child molestation.  I encourage you to re-read that . . . I feel it's very important . . . ."  The military judge cut off trial counsel's attempt to read the instruction aloud to the panel.  Shortly thereafter, trial counsel asserts, "The number of victims in this case does mean something.  It means one of two things:  One the accused is one of the unluckiest people you are going to meet; or two, this all happened."  The military judge did not address this argument.

## LAW AND ANALYSIS

Nearly three years after appellant's court-martial, our superior court held it is constitutional error for a military judge to give an instruction to a panel that permits Mil. R. Evid. 413 to be applied to evidence of charged sexual misconduct.  *Hills*, 75 M.J. at 352.  Our superior court reasoned:

> The instructions in this case provided the members with
> directly contradictory statements about the bearing that
> one charged offense could have on another, one of which
> required the members to discard the accused's
> presumption of innocence, and with two different burdens
> of proof—preponderance of the evidence and beyond a
> reasonable doubt.  Evaluating the instructions in toto, we
> cannot say that Appellant's right to a presumption of
> innocence and to be convicted only by proof beyond a
> reasonable doubt was not seriously muddled and
> compromised by the instructions as a whole.

*Id*. at 357.

In appellant's court-martial the military judge's instructions were just as muddled and potentially confusing with respect to the burden of proof, and, therefore, created constitutional error.  *United States v. Bonilla*, 2016 CCA LEXIS 590, at *23 (Army Ct. Crim. App. 30 Sep. 2016); *see also United States v.*

ADAMS–ARMY 20130693

*Guardado*, 75 M.J. 889, 2016 CCA LEXIS 664, at \*22 (Army Ct. Crim. App. 15 Nov. 2016) and *United States v. Santucci*, 2016 CCA LEXIS 594, at \*7-8 (Army Ct. Crim. App. 30 Sep. 2016).

If instructional error is found when there are constitutional dimensions at play, this court tests for prejudice under the standard of harmless beyond a reasonable doubt. *United States v. Wolford*, 62 M.J. 418, 420 (C.A.A.F. 2006). The inquiry for determining whether constitutional error is harmless beyond a reasonable doubt is whether, beyond a reasonable doubt, the error did not contribute to the defendant's conviction or sentence. *United States v. Kreutzer*, 61 M.J. 293, 298 (C.A.A.F. 2005). An error is not harmless beyond a reasonable doubt when there is a reasonable possibility the error complained of might have contributed to the conviction. *United States v. Moran*, 65 M.J. 178, 187 (C.A.A.F. 2007); *United States v. Chandler*, 74 M.J. 674, 685 (Army Ct. Crim. App. 2015).

Here, not only did the military judge give muddled and potentially confusing instructions, but the government's closing argument also drew the panel's attention to the propensity evidence. Additionally, the evidence as to some specifications was not particularly strong, but the panel convicted appellant of all but two of the twenty-three charged offenses. On the facts of this case, we are not convinced beyond a reasonable doubt the propensity instruction did not contribute to the findings of guilty or appellant's sentence, thus the findings and sentence cannot stand.

## CONCLUSION

The findings of guilty and the sentence are set aside. A rehearing may be ordered by the same or a different convening authority.

Judge PENLAND and Judge BURTON concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

5