# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, HERRING, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist MICHAEL J. GONZALES**
**United States Army, Appellant**

ARMY 20130849

Headquarters, III Corps and Fort Hood
Gregory A. Gross, Military Judge (arraignment and motions hearing)
Patricia H. Lewis, Military Judge (trial)
Colonel Stuart W. Risch, Staff Judge Advocate (pretrial)
Colonel Ian G. Corey, Staff Judge Advocate (post-trial)

For Appellant: Lieutenant Colonel Charles D. Lozano, JA; Major Christopher D. Coleman, JA; Captain Payum Doroodian, JA (on brief); Lieutenant Colonel Christopher D. Carrier, JA; Major Andres Vazquez, Jr., JA; Captain Michael A. Gold, JA (on supplemental assignment of error); Major Andres Vazquez, Jr., JA; Captain Michael A. Gold, JA (on supplemental assignment of error reply brief).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie, III, JA; Major Steven J. Collins, JA; Captain Linda Chavez (on brief); Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie, III, JA; Major Cormac M. Smith, JA; Captain Linda Chavez (on supplemental assignment of error).

22 February 2017

---------------------------------
SUMMARY DISPOSITION
---------------------------------

HERRING, Judge:

A panel of military officers sitting as a general court-martial convicted appellant, contrary to his pleas, of two specifications of rape of a child, two specifications of aggravated sexual abuse of a child, and two specifications of child endangerment, in violation of Articles 120 and 134 of the Uniform Code of Military Justice, 10 U.S.C. §§ 920, 934 (2006 & Supp. IV) [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a dishonorable discharge, confinement for fifty years, forfeiture of all pay and allowances, and reduction to the grade of E-1.

We review this case under Article 66, UCMJ. Appellant assigned four errors, one supplemental error, and personally asserted matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). Because of the relief we grant with respect to the supplemental assignment of error, we do not discuss the remaining assignments of error.

## BACKGROUND

The government charged appellant with committing sexual offenses against two of his step-children, AP (who was three years old in April 2010) and SR (who was two years old in April 2010), and endangering the children by committing the sexual offenses. The charged time period for all offenses was from 22 April 2010 to 12 April 2011. The children were removed from the home in April 2011 due to other welfare concerns. The appellant was not living in the home at the time due to his deployment to Iraq. These incidents came to light in July 2011 when AP disclosed them to a therapist she had been seeing for an unrelated matter.

The government notified the defense of its intent to introduce evidence in accordance with Mil. R. Evid. 413.[1] Over defense objection, the military judge gave the following instruction:

> Evidence that the accused committed the child molestation offense is alleged against AP in Specifications 1 and 5 of Charge II, and Specification 2[2] of Charge III may have no bearing on your deliberations in relation to the child molestation offenses alleged against SR, in Specifications 2 and 6 of Charge II and Specification 2 of Charge III, unless you first determine by a preponderance of the evidence, that it is more likely than not, the offenses alleged against either AP or SR in the specifications mentioned occurred. If you determine by a preponderance of the evidence the offenses alleged in Specifications 1 and 5 of Charge II and Specification 2 of Charge III against AP occurred, even if you are not convinced beyond

---

[1] Although parties and the military judge discussed Mil. R. Evid. 413, Mil. R. Evid. 414 would have been more accurate, given that the sexual offenses charged were against children. The analysis for Mil. R. Evid. 413 and Mil. R. Evid. 414 is the same. *See United States v. Tanner*, 63 M.J. 445, 448-49 (C.A.A.F. 2006); *United States v. Bonilla*, ARMY 20131084, 2016 CCA LEXIS 590, at *22-23 (Army Ct. Crim. App. 30 Sep. 2016).

[2] This is the wrong specification, Specification 1 of Charge III involves AP, while Specification 2 of Charge III involves SR. The military judge repeated this error throughout the instruction, which could have only further confused the panel.

a reasonable doubt that the accused is guilty of those offenses, you may nonetheless consider the offense [sic] of those offenses for its bearing on any matter to which it is relevant in relation to Specifications 2 and 6 of Charge II and Specification 2 of Charge III against SR. You may also consider the evidence of such other child molestation offenses for its tendency, if any, to show the accused's propensity or predisposition to engage in child molestation offenses.

The propensity instruction given by the military judge was more muddled than the usual propensity instruction. It is not clear what the panel was able to do if they determined by a preponderance of the evidence the offenses alleged against either AP or SR occurred. However, we note the government argued that the panel could use the propensity evidence in both directions:

TC: Gentlemen, we have proved this case, each and every charge, specification, and element, beyond a reasonable doubt. The judge read an instruction to you and it said you may also consider the evidence of such other child molestation offenses for its tendency, if any, to show the accused [sic] propensity or predisposition to engage in child molestation offenses, and it's a long instruction. It's going to go back with you. And, this is what it really means.

TC: Under the law, we are not normally permitted to look at another act that someone's done and say, "Because you did this one, because you did A, you did B. You robbed the liquor store in A, so we believe that you did it in B because you must just be someone who robs liquor stores." We're not allowed to do that normally, but there is an exception that has been carved out *because of the propensity for child molesters to offend more than once*.

DC: Objection.

MJ: Grounds? Stop.

DC: The court has given its instruction and we ask that the panel members rely on the court's instruction rather than Captain [AT's] stated instruction.

MJ: Sustained.

3

> TC: What you are allowed to do if you believe [AP], if you believe that little girl, if you believe all of the evidence, and if you just believe it's more likely than not, you're allowed to consider what happened to her when you're making the determination on whether or not something happened to [SR]. And, if you believe [SR], if you believe that little girl and what she told people years ago, and what she told you in this trial, and if you just believe that, it's even more likely than not, then you're allowed to consider that when you're thinking about what happened with [AP], and whether or not you think he's guilty. In this case we don't just have one victim. We don't just have one little girl acting out knowing about sex when she shouldn't, we have two. We have two little girls who told you they were raped. And, at the end of this trial we ask that you return with a verdict of guilty of all charges and specifications. Thank you.

During her rebuttal argument, trial counsel stated, "If you believe just one of them by a preponderance of the evidence, or the other, you can use the crime against one to show that there is a propensity for child abuse." Beyond instructing the panel to follow her instructions over "what counsel said about the instructions" if there was any inconsistency, the military judge gave no curative instruction.

## LAW AND ANALYSIS

After appellant's court-martial, the Court of Appeals for the Armed Forces (CAAF) decided *United States v. Hills*, 75 M.J. 350 (C.A.A.F. 2016), which addressed a military judge's propensity instruction pursuant to Military Rule of Evidence [hereinafter Mil. R. Evid.] 413. The CAAF, stated, "we cannot say that Appellant's right to a presumption of innocence and to be convicted only by proof beyond a reasonable doubt was not seriously muddled and compromised by the instructions as a whole." Here too, the military judge's instructions, as bolstered by trial counsel, were muddled and potentially confusing with respect to the burden of proof, and, therefore, created constitutional error. *United States v. Bonilla*, 2016 CCA LEXIS 590, at *23 (Army Ct. Crim. App. 30 Sep. 2016); *see also United States v. Adams*, ARMY 20130693, 2017 CCA LEXIS 6, at *7 (Army. Ct. Crim. App. 6 Jan. 2017); *United States v. Guardado*, 75 M.J. 889, 2016 CCA LEXIS 664, at *22 (Army Ct. Crim. App. 15 Nov. 2016) and *United States v. Santucci*, 2016 CCA LEXIS 594, at *7-8 (Army Ct. Crim. App. 30 Sep. 2016).

If instructional error is found when there are constitutional dimensions at play, this court tests for prejudice under the standard of harmless beyond a reasonable doubt. *United States v. Wolford*, 62 M.J. 418, 420 (C.A.A.F. 2006). The inquiry for determining whether constitutional error is harmless beyond a reasonable

doubt is whether, beyond a reasonable doubt, the error did not contribute to the defendant's conviction or sentence. *United States v. Kreutzer*, 61 M.J. 293, 298 (C.A.A.F. 2005). An error is not harmless beyond a reasonable doubt when there is a reasonable possibility the error complained of might have contributed to the conviction. *United States v. Moran*, 65 M.J. 178, 187 (C.A.A.F. 2007); *United States v. Chandler*, 74 M.J. 674, 685 (Army Ct. Crim. App. 2015).

Here, not only did the military judge give muddled and confusing instructions, but the government's closing argument also stressed the importance of the propensity evidence. On the facts of this case, we are not convinced beyond a reasonable doubt the propensity instruction did not contribute to the findings of guilt or appellant's sentence, thus the findings and sentence cannot stand.

## CONCLUSION

The findings of guilty and the sentence are set aside. A rehearing may be ordered by the same or a different convening authority.

Senior Judge CAMPANELLA and Judge CELTNIEKS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court