UNITED STATES, Appellee

v.

Benjamin D. THOMPSON, Airman Basic
U.S. Air Force, Appellant

No. 05-0575

Crim. App. No. 35274

United States Court of Appeals for the Armed Forces

Argued April 18, 2006

Decided June 20, 2006

ERDMANN, J., delivered the opinion of the court, in which
GIERKE, C.J., and CRAWFORD, EFFRON, and BAKER, JJ., joined.

Counsel

For Appellant:  Captain John N. Page III (argued); Colonel
Carlos L. McDade, Lieutenant Colonel Mark R. Strickland, and
Major Sandra K. Whittington (on brief).

For Appellee:  Captain Jefferson E. McBride (argued); Lieutenant
Colonel Robert V. Combs and Lieutenant Colonel Gary F. Spencer
(on brief).

Military Judge:  Kurt D. Schuman

**This opinion is subject to revision before final publication.**

United States v. Thompson, No. 05-0575/AF

Judge ERDMANN delivered the opinion of the court.

Airman Basic Benjamin D. Thompson was charged with three marijuana-related offenses, false swearing, and contributing to the delinquency of a minor, violations of Articles 112a and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 912a, 934 (2000). Thompson entered pleas of not guilty and, at a general court-martial with members, was convicted of wrongful use, possession and distribution of marijuana in violation of Article 112a, UCMJ. He was sentenced to a bad-conduct discharge and one year of confinement. The convening authority approved the sentence and the United States Air Force Court of Criminal Appeals affirmed the findings and sentence. United States v. Thompson, No. ACM 35274, 2005 CCA LEXIS 145, at *16, 2005 WL 1017616, at *6 (A.F. Ct. Crim. App. Apr. 29, 2005) (unpublished). We granted review of an issue questioning whether the military judge erred by admitting evidence of uncharged misconduct.[1]

To determine whether evidence of uncharged acts of misconduct is admissible under Military Rule of Evidence (M.R.E.) 404(b), this court looks to whether that evidence "is offered for some purpose other than to demonstrate the accused's

---

[1] On January 4, 2006, we granted review of the following issue:

> WHETHER THE MILITARY JUDGE ERRED IN
> ADMITTING EVIDENCE OF UNCHARGED MISCONDUCT.

2

predisposition to crime . . . ."  United States v. Castillo, 29 M.J. 145, 150 (C.M.A. 1989).  Thompson contends that two pretrial statements that contained information about his preservice drug use were erroneously admitted by the military judge in that they served no legitimate purpose, merely painted him as an habitual drug user, and were prejudicial to his substantial rights.  We conclude, as did the Court of Criminal Appeals,[2] that the military judge abused his discretion in admitting this evidence of preservice drug use but that the error was not prejudicial.

### FACTS

Thompson had been utilized as a confidential informant for the Air Force Office of Special Investigations (AFOSI) from September 18, 2001 until January, 2002.  Thompson had provided information only three times in response to over thirty taskings from AFOSI.  As a result, he was interviewed by AFOSI because it was believed that he was "becoming basically uncontrollable" as a confidential informant and that he was not disclosing drug involvement.  During this interview, Thompson indicated that he had been in approximately twenty-five situations in which he simulated smoking marijuana, and that on two of those occasions

---

62 M.J. 436 (C.A.A.F. 2006).

[2] United States v. Thompson, No. ACM 35274, 2005 CCA LEXIS 145, at *8-*12, 2005 WL 1017616, at *2-*4 (A.F. Ct. Crim. App. Apr. 29, 2005) (unpublished).

he inhaled marijuana smoke.

The Government's case-in-chief consisted of testimony from a number individuals with whom Thompson had engaged in various drug-related activities and a forensic toxicologist who testified as an expert on the psychological effects of marijuana. At the conclusion of the Government case, the defense rested.

During a session held pursuant to Article 39(a), UCMJ, 10 U.S.C. § 839(a) (2000), Thompson objected to the admissibility of three pretrial statements. Those statements involved: (1) admissions to Airman JB about Thompson's use of marijuana "all the time back home"; (2) a statement to a military dependent, DG, about Thompson's preservice practice of selling marijuana; and (3) a statement to DG about Thompson's use of marijuana in high school. Thompson challenged these statements as inadmissible uncharged misconduct under M.R.E. 404(b) and claimed that their prejudicial impact substantially outweighed their probative value under M.R.E. 403.

The military judge noted that the first and third statements reflected "knowledge of marijuana use" and "knowledge and absence of mistake." The military judge permitted testimony about the statements to DG and Airman JB relating to preservice use of marijuana. The military judge reserved ruling on the admissibility of the statement to DG about selling marijuana.

4

Later, the military judge sustained Thompson's objection to that statement after conducting a balancing test under M.R.E. 403.

## DISCUSSION

As he did before the Court of Criminal Appeals, Thompson challenges the ruling of the military judge admitting his two statements about preservice drug use under M.R.E. 404(b). He makes this claim despite the fact that he received a favorable ruling on that precise question from the Court of Criminal Appeals.[3] Thompson also claims that the Court of Criminal Appeals erred in finding that the military judge's error in admitting the two statements was harmless. The Government responds that the military judge did not abuse his discretion by admitting the two statements and that, even if he did err, the error was harmless in light of the overwhelming evidence of guilt, the limiting instructions, and the fact that no special emphasis was placed upon this uncharged misconduct during the Government's case.

---

[3] Although Thompson prevailed at the Court of Criminal Appeals on the question of whether the military judge erred in admitting the two statements, he has again challenged the military judge's admissibility ruling before this court. Absent such a challenge or certification of that ruling by the Government pursuant to Article 67(a)(2), Uniform Code of Military Justice, 10 U.S.C. § 867(a)(2) (2000), we would conduct a "law of the case" analysis to determine whether that issue was properly before the court. See United States v. Doss, 57 M.J. 182, 185 (C.A.A.F. 2002); United States v. Grooters, 39 M.J. 269, 272-73 (C.M.A. 1994). However, in light of Thompson's specific challenge to the military judge's decision, we will proceed to review whether the military judge erred in admitting the statements.

United States v. Thompson, No. 05-0575/AF

Military Rule of Evidence 404(b) provides:

> Other crimes, wrongs, or acts. Evidence of
> other crimes, wrongs, or acts is not
> admissible to prove the character of a
> person in order to show action in conformity
> therewith. It may, however, be admissible
> for other purposes, such as proof of motive,
> opportunity, intent, preparation, plan,
> knowledge, identity, or absence of mistake
> or accident, . . . .

The test for admissibility of uncharged acts is "whether the evidence of the misconduct is offered for some purpose other than to demonstrate the accused's predisposition to crime and thereby to suggest that the factfinder infer that he is guilty, as charged, because he is predisposed to commit similar offenses." Castillo, 29 M.J. at 150; see also United States v. Ruppel, 49 M.J. 247, 250 (C.A.A.F. 1998); United States v. Miller, 46 M.J. 63, 65 (C.A.A.F. 1997).

To determine whether uncharged acts are admissible under M.R.E. 404(b), this court uses the three-part test from United States v. Reynolds, 29 M.J. 105, 109 (C.M.A. 1989). United States v. McDonald, 59 M.J. 426, 429 (C.A.A.F. 2004); United States v. Diaz, 59 M.J. 79, 94 (C.A.A.F. 2003). The first prong of the test asks whether the evidence reasonably supports a determination by the factfinder that an appellant committed the prior misconduct. Reynolds, 29 M.J. at 109 (citing United States v. Mirandes-Gonzalez, 26 M.J. 411 (C.M.A. 1988)). The standard required to meet this first prong is low. United

United States v. Thompson, No. 05-0575/AF

States v. Dorsey, 38 M.J. 244, 246 (C.M.A. 1993).  The second prong of the test asks what fact of consequence is made more or less probable by the existence of this evidence.  Reynolds, 29 M.J. at 109 (citing M.R.E. 401; United States v. Ferguson, 28 M.J. 104, 108 (C.M.A. 1989)).  The final prong of the test calls for balancing under M.R.E. 403.  Id.  We review a military judge's decision to admit evidence for abuse of discretion and will not overturn that ruling unless it is "'arbitrary, fanciful, clearly unreasonable,' or 'clearly erroneous,'" or influenced by an erroneous view of the law.  McDonald, 59 M.J. at 430 (quoting Miller, 46 M.J. at 65).

The evidence meets the first prong of the Reynolds test. Thompson's admissions to DG and Airman JB reasonably support a finding that Thompson used marijuana before he entered the Air Force.  However, this evidence fails the second prong of the test for uncharged misconduct.  Even though M.R.E. 404(b) is a rule of inclusion,[4] the evidence must be relevant to a fact in issue other than an accused's character or predisposition to commit the charged offenses.  McDonald, 59 M.J. at 429 (quoting Huddleston v. United States, 485 U.S. 681, 686 (1988)).  Thus, "evidence of prior drug use is not inadmissible per se at a court-martial.  Mil.R.Evid. 404(b) permits evidence of 'other crimes, wrongs, or acts' to prove facts other than a person's

---

[4] United States v. Humpherys, 57 M.J. 83, 90 (C.A.A.F. 2002).

character, such as 'intent, knowledge, or absence of mistake or accident.'" United States v. Tyndale, 56 M.J. 209, 212 (C.A.A.F. 2001). The express purposes for which the military judge admitted this evidence of prior drug use were to show knowledge of marijuana use and the absence of mistake.

We agree with the Court of Criminal Appeals that Thompson did not raise the issues of lack of knowledge or mistake of fact. Thompson, 2005 CCA LEXIS 145, at *8, 2005 WL 1017616, at *3. While the defense counsel did refer to Thompson as "young" and "naive" in his opening statement, that description of Thompson was never tied to any evidence showing that Thompson's alleged naiveté related to marijuana or caused him to misapprehend any fact of consequence. Indeed, nothing in the record suggests that Thompson was unknowledgeable when it came to the nature, effects or use of marijuana. Nor is there evidence in the record of any mistake, whether it be a mistake rising to the level of a defense or a mistake that the defense could argue to mitigate Thompson's criminal culpability. As noted by the Court of Criminal Appeals, the defense focused on the credibility of those who testified about Thompson's marijuana use and on the pressures and fears of detection he faced as a confidential informant that caused him to act as he did to conceal that status. Thompson, 2005 CCA LEXIS 145, at *8-*9, 2005 WL 1017616, at *3. Because the matters for which

8

the military judge admitted the uncharged acts evidence were not in issue, that evidence served no relevant purpose and fails the second prong of the Reynolds test.  We conclude that the military judge abused his discretion by admitting the statements about preservice drug use.

Having found error, we must test for prejudice.  Article 59(a), UCMJ, 10 U.S.C. § 859(a) (2000).  We conduct a de novo review to determine whether a nonconstitutional error in admitting evidence is prejudicial to an accused's substantial rights, and we consider four factors:  (1) the strength of the Government's case; (2) the strength of the defense case; (3) the materiality of the evidence in question; and (4) the quality of the evidence in question.  United States v. Berry, 61 M.J. 91, 98 (C.A.A.F. 2005); McDonald, 59 M.J. at 430-31.  We conclude that Thompson was not prejudiced.

Although the Government's case consisted largely of testimony from other drug users or accomplices, that testimony presents a telling picture of Thompson's frequent involvement with marijuana.  Thompson's effort to undermine the credibility of his accomplices was not persuasive.  In addition, their testimony as to the unlawful nature Thompson's drug activity was enhanced by the fact that Thompson rarely provided any information about drug activity when he was tasked to do so by

the AFOSI.  The whole of the Government's case against Thompson was compelling.

In contrast, the defense case was markedly less substantial.  Not only was the attack on the credibility of the accomplice testimony unsuccessful, the asserted duress defense was de minimus.

> The defense of duress applies when the accused has a (1) "reasonable apprehension" that (2) "the accused or another innocent person" would (3) "immediately" suffer death or serious bodily injury if the accused "did not commit the act."  Id.  A "reasonable apprehension" does not exist "if the accused has any reasonable opportunity to avoid committing the act without subjecting [himself] or another innocent person to the harm threatened[.]"

United States v. Vasquez, 48 M.J. 426, 430 (C.A.A.F. 1998) (quoting Rule for Courts-Martial 916(h)) (alterations in Vasquez).  Although the military judge did instruct on the defense of duress, the evidence left to speculation the nature of the physical harm threatened and there was virtually no evidence about whether Thompson had a reasonable opportunity to avoid the harm by doing something other than actually inhaling marijuana.

Finally, as to the materiality and quality of the evidence, we conclude that the actual worth of the statements about preservice drug use was minimal.  Each statement was mentioned but once during the Government's case-in-chief and during

10

argument they were mentioned only in trial counsel's rebuttal argument. Neither statement played a role of major significance in the prosecution of the case against Thompson. A limiting instruction given by the military judge precluded the members from considering this evidence on any issue other than "knowledge on the part of the accused on how to use marijuana and to prove that the accused intended to use marijuana."

If the members determined that Thompson did in fact inhale marijuana, neither knowledge nor intent was in issue. Thus, under the instructions of the military judge, this evidence was not helpful to the Government's case. Further, the members were told they "may not consider this evidence for any other purpose, and you may not conclude from this evidence that the accused is a bad person or has general criminal tendencies and that he, therefore committed the offenses charged." We presume this instruction was followed. United States v. Taylor, 53 M.J. 195, 198 (C.A.A.F. 2000); United States v. Holt, 33 M.J. 400, 408 (C.M.A. 1991). We therefore conclude that this error was harmless and had no prejudicial impact on Thompson's substantial rights.

## DECISION

The decision of the United States Air Force Court of Criminal Appeals is affirmed.