UNITED STATES, Appellee

v.

Ernest D. GOODIN Jr., Staff Sergeant
U.S. Air Force, Appellant

No. 08-0355

Crim. App. No. 36266

United States Court of Appeals for the Armed Forces

Argued November 17, 2008

Decided January 21, 2009

EFFRON, C.J., delivered the opinion of the Court, in which
BAKER, ERDMANN, STUCKY, and RYAN, JJ., joined.


Counsel


For Appellant:  Captain Michael A. Burnat (argued); Major
Shannon A. Bennett and Captain Anthony D. Ortiz (on brief).


For Appellee:  Major Brendon K. Tukey (argued); Colonel Gerald
R. Bruce and Major Jeremy S. Weber (on brief).



Military Judge:  Kevin P. Koehler



THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.

United States v. Goodin, No. 08-0355/AF

Chief Judge EFFRON delivered the opinion of the Court.

Appellant was charged with three violations of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2000): (1) possession of visual depictions of minors engaging in sexually explicit conduct; (2) committing an indecent act upon his eleven-year-old stepdaughter while his wife was out of town; (3) and committing an indecent act of a sexual nature with his wife. A general court-martial consisting of a military judge sitting alone convicted Appellant, contrary to his pleas, of the specifications charging commission of an indecent act upon his stepdaughter and possession of child pornography. The court-martial found Appellant not guilty of committing an indecent act with his wife. The sentence adjudged by the court-martial included a dishonorable discharge, confinement for forty-eight months, and reduction to E-1. The convening authority approved the sentence, and the United States Air Force Court of Criminal Appeals affirmed. United States v. Goodin, No. ACM 36266, 2007 CCA LEXIS 550, 2007 WL 4459150 (A.F. Ct. Crim. App. Dec. 19, 2007) (unpublished).

On Appellant's petition, we granted review of the following issue:

> WHETHER THE MILITARY JUDGE ERRED BY ALLOWING
> EVIDENCE OF LEGAL PORNOGRAPHY AND SEXUAL ACTS
> WITH HIS WIFE.

For the reasons set forth below, we affirm.

## I.  BACKGROUND

Prior to trial on the merits, Appellant filed a motion in limine asking the military judge to restrict the type of evidence that could be offered by the Government regarding Appellant's sexual activities with his wife.  The motion did not seek to exclude evidence of the charged indecent act with Appellant's wife, but argued that evidence of Appellant's other sexual activities with her was inadmissible on the grounds that such evidence was more prejudicial than probative in violation of Military Rule of Evidence (M.R.E.) 403.  Appellant did not ask the military judge to exclude the evidence on the grounds that the evidence was subject to the marital privilege under M.R.E. 504, or that admission of the evidence would otherwise implicate constitutionally protected marital activities.

The military judge informed the parties that he would defer ruling on Appellant's motion because it was not yet apparent what specific evidence the Government would attempt to admit. He further advised defense counsel that counsel could object to any particular item of evidence at the time the Government offered it for admission.

During the Government's case in chief, Appellant's wife testified without objection to the circumstances of the charged indecent act in which she was involved.  The military judge sustained Appellant's objection when the Government asked

Appellant's wife whether Appellant ever performed the generic sexual act with her that he was charged with committing upon his stepdaughter.

Over defense objection, the military judge permitted Appellant's wife to testify as to the following matters:  that Appellant desired multiple sexual acts on a daily basis; that Appellant indicated to her that he was attracted to young girls; that she saw Appellant with pornographic magazines which, although not containing child pornography, featured women who were "not very developed"; that Appellant told her he needed visual stimulation for sexual satisfaction; that she and Appellant had videotaped their sexual activities to assist Appellant in self-gratification; and that Appellant told her he was concerned that he would not be able to satisfy himself sexually if she took the video recorder when she went out of town.

Appellant contended that the foregoing testimony was either not relevant under M.R.E. 401 or that it involved impermissible propensity evidence under M.R.E. 404(b).  M.R.E. 401 provides that relevant evidence "means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  M.R.E. 404(b) excludes "[e]vidence of other crimes, wrongs, or acts" offered solely "to

4

prove the character of a person in order to show action in conformity therewith."  Such evidence may still be introduced under M.R.E. 404(b) if it is offered for another purpose, such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

In response to Appellant's objections, the Government maintained that the evidence was relevant and admissible to show Appellant's motive and intent in support of the theory that Appellant turned to his stepdaughter to fulfill his sexual desires while his wife was out of town.  The military judge admitted the testimony.

After considering the balance of the evidence offered by the prosecution and the defense, as well as the arguments of counsel, the military judge convicted Appellant of possessing child pornography and committing an indecent act with his stepdaughter.  The military judge acquitted Appellant of committing an indecent act with his wife.  On appeal, Appellant asserts that the military judge erred in admitting the testimony over his objection and that the error was prejudicial.

## II.  DISCUSSION

We review a military judge's decision to admit evidence for an abuse of discretion.  United States v. Thompson, 63 M.J. 228, 230 (C.A.A.F. 2006).  In the event of an erroneous admission of

5

evidence, we evaluate claims of prejudice by weighing four factors:  "(1) the strength of the Government's case, (2) the strength of the defense case, (3) the materiality of the evidence in question, and (4) the quality of the evidence in question.  We apply the same four-pronged test for erroneous admission of government evidence as for erroneous exclusion of defense evidence."  United States v. Kerr, 51 M.J. 401, 405 (C.A.A.F. 1999) (citations omitted); see also Article 59(a), UCMJ, 10 U.S.C. § 859(a) (2000) ("A finding or sentence of a court-martial may not be held incorrect on the ground of an error of law unless the error materially prejudices the substantial rights of the accused.").

In the present case, we need not determine whether the admission of any of the testimony at issue constituted error. Even if the testimony was admitted in error, a matter that we do not decide in the present case, the impact of the testimony was harmless under the four-part test for prejudice set forth in Kerr.

With respect to the first and second factors, the strength of the parties' cases, we note that the Government presented substantial evidence in support of its prosecution of Appellant. The Government introduced ninety-five images of child pornography found on Appellant's computer.  Fifty-seven of these images were of known children in the National Center for Missing

and Exploited Children's database, and two were of known children in the FBI database. Ten pages of child pornography websites that Appellant actually visited also were admitted into evidence. The Office of Special Investigations (OSI) computer forensics examiner who recovered the child pornography files from Appellant's computer testified as to how she recovered those files. Appellant's stepdaughter testified concerning the indecent act Appellant performed with her, and two DVDs of interviews she had with OSI investigators were admitted into evidence. The Government also produced a forensic psychiatrist who testified as to the likelihood that the alleged incident occurred.

The defense case, on the other hand, was not particularly strong. Appellant's defense strategy consisted primarily of counsel's cross-examination of the Government's witnesses, yet counsel was unable to identify any significant contradictions or gaps in the witnesses' testimony. The sole defense witness, Appellant's wife, also served as a Government witness. She testified that, during the course of the OSI investigation, her daughter recanted the accusation against Appellant when confronted with the possibility of having to take a polygraph examination herself. Appellant's wife also explained her daughter's possible motivation for fabricating the indecent act. The Government, however, was able to rehabilitate the

stepdaughter's credibility through its cross-examination of Appellant's wife and the testimony of its forensic psychiatrist.

With respect to the third factor, the materiality of the admitted evidence, the wife's testimony provided the foundation for the Government's theory that Appellant would commit an indecent act with his stepdaughter because of his particular sexual needs. The quality of the testimony, the final factor in the Kerr analysis, was adequate to support the truth of the matters stated. Appellant's wife was the only person involved in this case, other than Appellant, who had insight into Appellant's sexual interests.

After consideration of each of the four Kerr factors -- particularly the strength of the Government's case and the marginal nature of the defense case -- we find it unlikely that the wife's disputed testimony substantially influenced the factfinder. Even if the testimony was admitted in error, a matter that we do not decide in the present case, any such error was harmless and did not materially prejudice the substantial rights of Appellant. See Article 59(a), UCMJ.


## III. DECISION

The decision of the United States Air Force Court of Criminal Appeals is affirmed.