Judge OHLSON,
with whom Judge STUCKY joins, dissenting.
The majority concludes that the military judge’s instruction was erroneous in its use of the term “average person” instead of “reasonable person” and reverses on this basis. However, in my view, the majority reaches the wrong result, primarily by employing an incorrect standard of review. Therefore, I would affirm the decision below and I respectfully dissent.
Towards the end of the trial, the military judge asked, “Does either side have any objections to the instructions that I propose to give?” Both parties answered “No.” I therefore conclude that Appellant did not preserve his challenge to the instruction at issue in this case.[1] Accordingly, contrary to the majority’s approach, I believe that plain error is the proper lens for review. I further conclude for the reasons stated below that there was no plain error in this case.
The majority states that the military judge “negated the focus on the actual circumstances of those who were the targets of Appellant’s speech by misdirecting the members’ focus to the reaction of a hypothetical ‘average person.’ ” United States v. Killion, 75 M.J. 209, 215 (C.A.A.F.2016). It is true that the military judge instructed the panel members to focus on how an “average person” might have responded to Appellant’s words rather than on how a “reasonable person” or a “reasonable medical care provider with the training described [at trial]” might have responded. Id. at 215. However, to place this instruction in its appropriate context, I note that the military judge instructed the members as follows: “ ‘The test to apply is whether, under the facts and circumstances of this case, the words described ... would have caused an average person to react by immediately committing a violent or turbulent act in retaliation.’” Id. at 213 (first emphasis added) (second emphasis in original). In my view, this instruction adequately conveyed to the panel members that *219 they were required to envision this hypothetical “average person” as a member of the listener’s profession who had undergone the listener’s specialized training, and that they were required to consider the fact that Appellant was, for the most part, restrained during his tirade. Therefore, in this particular context, I conclude that any distinctions made by the majority between “an average person” and a “reasonable medical care provider with the training described'[at trial]” are inconsequential. Accordingly, I do not find a sufficient basis to conclude that the military judge’s instruction constituted plain error.[2]
CONCLUSION
Because the military judge’s instructions did not constitute plain error, and because the CCA correctly rejected Appellant’s legal sufficiency challenges, I conclude that Appellant’s conviction should be affirmed. Accordingly, I respectfully dissent.

. It is well settled that in order to preserve instructional error, "[t]here must be an objection no later than after the instructions are given and before the court is closed for deliberations, stating that the instructions did not adequately cover the matters raised in the requested instruction.” United States v. Maxwell, 45 M.J. 406, 426 (C.A.A.F.1996); accord United States v. Tunstall, 72 M.J. 191, 193 (C.A.A.F.2013).

. This point is further emphasized by the majority's harmlessness inquiry, which focuses on the point that "the military judge's instruction directly bolstered the trial counsel’s erroneous statement of the law, which de-emphasized any consideration of the circumstances.” Killion, 75 M.J. at 216. Importantly, however, the granted issue speaks to whether the instruction was itself erroneous—not whether counsel’s closing argument tainted the instruction. Because the instruction that was .given by the-military judge accurately focused the panel on the "facts and circumstances of this case,” trial counsel’s improper suggestion to the contrary is in no way dispositive of the granted issue. See United States v. Custis, 65 M.J. 366, 372 (C.A.A.F.2007) ("We presume that the panel followed the instructions given by the military judge.”); United States v. Thompson, 63 M.J. 228, 232 (C.A.A.F.2006) (same); United States v. Taylor, 53 M.J. 195, 198 (C.A.A.F.2000) (same).